UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MARTEL BUFORD, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12CV102 SNLJ |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

**The Complaint**

Plaintiff Kevin Buford brings this action for monetary damages alleging violations of his civil rights under 42 U.S.C. § 1983 and various state laws. Named as defendants are: the State of Missouri, the City of Caruthersville, Pemiscot County, Matt Fowler (Police Officer, Caruthersville, Missouri), Chris Riggs (Chief of Police, Caruthersville, Missouri), William Carter (Missouri Prosecutor), Chris Wynes (Missouri Prosecutor), Kimberley Davenport (Missouri Prosecutor), Catherine Dean (Arkansas Prosecutor) and Albert Wright (Chief of Police in Luxora, Arkansas). Defendants are sued in their official capacities.

Plaintiff was arrested by defendant Fowler on September 5, 2010, in the City of Caruthersville, Missouri, after a high-speed police chase. (The Court accepts the non-conclusory allegations in the complaint as true, for the purposes of this Order.) Plaintiff was a passenger in the vehicle, and defendant Fowler reported that the car was stolen. At the time of his arrest, plaintiff was in possession of a cell phone allegedly stolen from a woman who had been subjected to a home invasion in Arkansas that same evening.

Plaintiff was charged with resisting arrest, intimidation with a weapon, robbery, kidnapping, and theft.[1] Plaintiff claims that Fowler based the theft and kidnapping

---

[1] Plaintiff asserts that defendants Wynes, Carter, and Davenport charged plaintiff as the driver of the vehicle, which was at odds with the incident report filed

charges on the accusations of defendant Wright and that he did not speak to the alleged victim of the home invasion, himself.

Plaintiff was taken to Pemiscot County Jail, where he was detained on bond. After three days in the Pemiscot County Jail, plaintiff was transferred to the Mississippi County Detention Center in Luxora, Arkansas, where he was held on concurrent charges brought by defendant Dean, stemming from the alleged Arkansas home invasion. Plaintiff was transferred back into Missouri custody on June 6, 2011. At that time, all Missouri charges were dismissed with the exception of a receipt of stolen property charge. Plaintiff received a bond hearing on the receipt of stolen property charge and he was released on bond on June 13, 2011.

The Arkansas charges against plaintiff were completely dismissed on September 6, 2011. The Missouri charges against plaintiff for receipt of stolen goods were dismissed for insufficient evidence on March 6, 2012.

In relation to the individual defendants, plaintiff asserts that he was subjected to false arrest, false imprisonment and malicious prosecution. Although he names the City of Caruthersville, Pemiscot County and the State of Missouri as defendants in this action, he has failed to articulate a violation of a specific custom or policy against any of these defendants.

---

by Fowler. He claims that this is evidence of "malicious prosecution" in violation of 42 U.S.C. § 1983.

## Discussion

Defendants are sued in their official capacities. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Pemiscot County or the City of Caruthersville was responsible for the alleged violations of plaintiff's constitutional rights. And the State of Missouri is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). As a result, the complaint fails to state a claim upon which relief can be granted, and this action will be dismissed under 28 U.S.C. § 1915(e).

Because plaintiff's federal claims will be dismissed, all remaining pendent state claims will be dismissed, as well. See 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); Hassett v. Lemay Bank & Trust Co., 851 F.2d 1127, 1130 (8th Cir. 1988) (where federal claims have been dismissed,

district courts may decline jurisdiction over pendent state claims as a "matter of discretion").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for service of summons [Doc. #4] is **DENIED**.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  23rd  day of July, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE